UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DERRICK FREDRICK,

                    Petitioner,

v.                                    Case No. 3:09-cv-340-J-34TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,[1]
et al.,

                    Respondents.

_____


### ORDER

### I. Status

        Petitioner Fredrick initiated this action by filing a <u>pro se</u>
Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28
U.S.C. § 2254 on March 31, 2009, pursuant to the mailbox rule.  He
challenges a 2007 state court (Duval County, Florida) judgment of
conviction for aggravated battery on a pregnant female on two
grounds.  Respondents have submitted a memorandum in opposition to
the Petition.  <u>See</u> Respondents' Answer to Petition for Writ of
Habeas Corpus (Response) (Doc. #16), filed March 4, 2010; Exhibits
(Resp. Ex.).  On May 15, 2009, the Court entered an Order to Show
Cause and Notice to Petitioner (Doc. #7), admonishing Petitioner

_____
        [1] The Secretary of the Florida Department of Corrections is
the proper Respondent having custody of Petitioner.

regarding his obligations and giving Petitioner a time frame in which to submit a reply. Although given sufficient time to do so, Petitioner has not submitted a brief in reply. This case is ripe for review.

## II. Procedural History

On October 4, 2007, the State of Florida charged Derrick Demon Fredrick with aggravated battery upon a pregnant female (domestic) (count one) and felony battery (domestic) (count two). Resp. Ex. A, Amended Information. On December 3, 2007, Fredrick entered a negotiated plea of guilty to the charge of aggravated battery upon a pregnant female in exchange for a sentence of seven years of imprisonment and the State's agreeing to drop count two and not file additional charges on separate allegations. Resp. Ex. B, Plea of Guilty and Negotiated Sentence; Resp. Ex. D, Transcript of the Plea Proceeding (Plea Tr.). That same day, the trial court sentenced Petitioner, as a habitual felony offender, to a term of seven years of imprisonment. Resp. Ex. C, Judgment. Petitioner did not appeal.

On May 18, 2008, Fredrick filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion). Resp. Ex. E. In his request for post conviction relief, Fredrick asserted that his defense counsel (Jonathan Zisser and Justin Rost) were ineffective because they failed to adequately investigate the facts, particularly relating

2

to whether the victim was pregnant and Fredrick's knowledge of the victim's pregnancy at the time of the offense (ground one) and that the trial court erred in accepting the plea without a sufficient factual basis (ground two). The State responded, <u>see</u> Resp. Ex. F, and Petitioner replied, <u>see</u> Resp. Ex. G. On September 12, 2008, the circuit court denied Fredrick's Rule 3.850 motion for the reasons set forth in the State's response. Resp. Ex. H.

Fredrick appealed the circuit court's denial.[2] Resp. Ex. I. The State filed its Notice that it did not intend to file an answer brief. Resp. Ex. J. Petitioner then filed a <u>pro se</u> typewritten brief. Resp. Ex. K. On March 6, 2009, the appellate court affirmed the denial per curiam, <u>see</u> <u>Fredrick v. State</u>, 4 So.3d 1224 (Fla. 1st DCA 2009); Resp. Ex. L, and the mandate issued on April 1, 2009, <u>see</u> Resp. Ex. M.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. <u>See</u> 28 U.S.C. § 2244(d); Response at 4-6.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if

---

[2] The appellate court's online docket reflects that the court did not receive Fredrick's handwritten <u>pro se</u> brief, dated September 28, 2008. <u>See</u> Online docket, <u>Derrick Demon Fredrick v. State of Florida</u>, Case No. 1D08-5546, website for the First District Court of Appeal (http://www.1dca.org).

true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## **V.  Standard of Review**

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed <u>de novo</u>, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams</u>, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual findings] by clear and convincing evidence."[3] 28 U.S.C. § 2254(e)(1).

<u>Ward v. Hall</u>, 592 F.3d 1144, 1155-56 (11th Cir.), <u>cert</u>. <u>denied</u>, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination

---

[3] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The

6

challenger's burden is to show "that counsel
made errors so serious that counsel was not
functioning as the 'counsel' guaranteed the
defendant by the Sixth Amendment." Id., at
687, 104 S.Ct. 2052.

With respect to prejudice, a challenger
must demonstrate "a reasonable probability
that, but for counsel's unprofessional errors,
the result of the proceeding would have been
different.[4] A reasonable probability is a
probability sufficient to undermine confidence
in the outcome." Id., at 694, 104 S.Ct. 2052.
It is not enough "to show that the errors had
some conceivable effect on the outcome of the
proceeding." Id., at 693, 104 S.Ct. 2052.
Counsel's errors must be "so serious as to
deprive the defendant of a fair trial, a trial
whose result is reliable." Id., at 687, 104
S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88.

The two-part Strickland test applies to ineffective assistance

claims concerning both the decision to accept a guilty plea offer

and the decision to forgo a plea offer and stand trial. Hill v.

Lockhart, 474 U.S. 52, 58-59 (1985). Since both prongs of the two-

part Strickland test must be satisfied to show a Sixth Amendment

violation, "a court need not address the performance prong if the

petitioner cannot meet the prejudice prong, and vice-versa." Ward,

592 F.3d at 1163 (citation omitted). "Surmounting Strickland's

_____

[4] In the context of an ineffective assistance challenge to the
voluntariness of a guilty or no contest plea, Petitioner must show
there is a "reasonable probability that, but for counsel's errors,
he would not have pleaded guilty and would have insisted on going
to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

high bar is never an easy task."  Harrington, 131 S.Ct. at 788

(quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is

accorded great deference.  "The standards created by Strickland and

§ 2254(d) are both 'highly deferential,' [Strickland], at 689, 104

S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct.

2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem,

review is 'doubly' so, Knowles[5], 556 U.S., at ----, 129 S.Ct. at

1420."  Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal
> court believes the state court's
> determination" under the Strickland standard
> "was incorrect but whether that determination
> was unreasonable - a substantially higher
> threshold." Schriro, supra, at 473, 127 S.Ct.
> 1933.  And, because the Strickland standard is
> a general standard, a state court has even
> more latitude to reasonably determine that a
> defendant has not satisfied that standard.
> See Yarborough v. Alvarado, 541 U.S. 652, 664,
> 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)
> ("[E]valuating whether a rule application was
> unreasonable requires considering the rule's
> specificity. The more general the rule, the
> more leeway courts have in reaching outcomes
> in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); see also

Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

addition to the deference to counsel's performance mandated by

Strickland, the AEDPA adds another layer of deference--this one to

---

[5] Knowles v. Mirzayance, 129 S.Ct. 1411 (2009).

a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Fredrick claims that counsel (Jonathan Zisser and Justin Rost) were ineffective because they failed to properly investigate the charges and advise him. He asserts that, if counsel had informed him that the prosecution would have to prove the victim was pregnant at the time of the offense, he would not have entered the plea. Specifically, he claims that that counsel failed to: (1) contact staff and physicians at the abortion clinic to verify the victim's statements that she had an abortion; (2) interview individuals (disclosed by the prosecution during discovery) to ascertain whether or not the victim was in fact pregnant at the time of the incident; (3) move to compel disclosure of the deposition of Dr. Scott Brady, who had stated under oath that he had no knowledge of the victim or any pregnancy; (4) move to dismiss the charges against Fredrick due to the substantial inconsistencies in the police reports, probable cause affidavit, victim's statement, and victim's deposition; and (5) secure the testimony of several key witnesses whose testimony would have changed the outcome of the proceeding. Additionally, Fredrick states that, at the time of the incident, he had no reason to believe the victim was pregnant, that the victim had personally

informed him that she had an abortion and was no longer pregnant with his child, and that he informed counsel (Jonathan Zisser), at their initial meeting, that the victim had an abortion prior to the May 20, 2007 incident.

As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. In responding, the State asserted, in pertinent part:

> Defendant makes several allegations regarding deficiencies in counsel and the facts of the case.
>
> Specifically, the Defendant alleges that he had no personal knowledge of the victim's pregnancy at the time of the offense and argues that defense counsel was deficient in his investigation of that issue. However, the transcript of the proceedings is clear as to what the Defendant actually believed.
>
> The State provided a factual basis as requested by the Court and specifically noted "and at the time of committing the battery knew or should have known that she was pregnant.["] (T.10. 9-11). The Court inquired of the defendant in the following dialogue:
>
> > THE COURT: Mr. Frederick, is Mr. Gaynor describing the incident that you are pleading guilty to?
> >
> > THE DEFENDANT: Yes, sir. (T.10. 16-19).
>
> Additionally, the Court made a lengthy inquiry of the Defendant's feelings regarding the plea and the defense counsel's assistance of the Defendant during the course of his case.

THE COURT: Is this what Mr. Rost wants you to do or what you feel like you want to do yourself?

THE DEFENDANT: What I feel like I want to do myself. (T.5. 22-25).

The Court further inquired of this Defendant whether defense counsel had provided him with appropriate representation. (T.8-9).

THE COURT: Have you had enough time to discuss all of the facts and circumstances of your case (T.8. 24-25) fully with Mr. Rost, including any possible defenses that you might use if you went to trial? (T.9. 1-2).

THE DEFENDANT: Yes, sir.

THE COURT: Has he answered your questions?

THE DEFENDANT: Yes, sir.

THE COURT: Are there any witnesses you want him to investigate that he hasn't already done?

THE DEFENDANT: No, sir.

THE COURT: Are there any motions you want him to file that he hasn't already done?

THE DEFENDANT: No, sir.

THE COURT: Are you satisfied with his representation of you?

THE DEFENDANT: Yes, sir. (T.9. 3-14).

Each of this Defendant's claims is substantively refuted by the transcript of his plea.

Resp. Ex. F at 29-31. In denying the Rule 3.850 motion as to this claim "for the reasons set forth" in the State's response, the circuit court attached the State's response, as exhibit A, and made it a part of the court's order. Resp. Ex. H. Upon Fredrick's appeal, the appellate court affirmed the trial court's denial per curiam.

Assuming the appellate court affirmed the denial of Fredrick's post conviction motion as to this claim on the merits, there are qualifying state court decisions. Therefore, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this ineffectiveness claim.

Alternatively, if the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit. The record supports the trial court's conclusion. As previously explained, Fredrick entered a plea of guilty to one count of aggravated battery committed upon a

pregnant female. At the plea hearing, defense counsel (Justin Rost) announced that Fredrick had authorized him to enter a plea of guilty to the charge of aggravated battery upon a pregnant female in exchange for a sentence of seven years of imprisonment and the State's agreeing to drop count two and not file additional charges relating to "the allegations made on May 11th and 12th." Plea Tr. at 3-4. Fredrick confirmed that he was entering the guilty plea with his full knowledge and consent and because it was what he wanted to do. Id. at 5. When the trial judge informed Fredrick that he did not have to plead guilty, but instead could plead not guilty and proceed to trial, Fredrick affirmed that he understood he had that option. Id. at 6. Next, when the trial judge advised Fredrick that the maximum sentence that he could receive for the charge would be thirty years of imprisonment, Fredrick affirmed that he understood.

The trial judge then proceeded to advise him of his rights to proceed to trial, to call and confront witnesses, and to have those witnesses testify even if they preferred not to testify. Id. Fredrick acknowledged that he understood his rights and that, by pleading guilty, he would give up his rights to call and confront witnesses and proceed to trial. Id. at 8. The trial judge asked Fredrick about his lawyer's statements relating to the negotiated sentence and if anyone had promised him anything different or anything in addition to what was stated by his lawyer to persuade

him to plead guilty, and Fredrick answered "[n]o, sir." Id. When
the trial judge asked if anyone had threatened, intimidated, or
coerced him into pleading guilty, Fredrick again answered, "[n]o,
sir." Id.

Next, as noted in the State's response to Fredrick's Rule
3.850 motion, the trial judge inquired as to counsel's
representation, and the following colloquy ensued.

> THE COURT: Have you had enough time to
> discuss all of the facts and circumstances of
> your case fully with Mr. Rost, including any
> possible defenses that you might use if you
> went to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has he answered your questions?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are there any witnesses you
> want him to investigate that he hasn't already
> done?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are there any motions you want
> him to file that he hasn't already done?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you satisfied with his
> representation of you?
>
> THE DEFENDANT: Yes, sir.

Id. at 8-9. Moreover, Fredrick confirmed that he understood that,
by pleading guilty, he was admitting that he, in fact, did commit
the offense. Id. at 9. Upon the judge's request, the State

14

briefly recited the factual basis for the aggravated battery charge.

> Had we proceeded to trial, the state would have shown that Derrick Frederick on May 20th, 2007, in Duval County, Florida, knowingly committed a battery upon a family member, Tamika Anitia Frederick, now Tamika Kay, a pregnant female, by actually and intentionally touching or striking Ms. Frederick against her will, and at the time of committing the battery knew or should have known that she was pregnant, contrary to Section 784.045(1((b).

Id. at 10. Defense counsel neither objected nor stated exceptions to the recited facts, and Fredrick agreed that he was pleading guilty to those recited facts. Id. Accordingly, the court found "there is a factual basis" for the guilty plea. Id.

Additionally, Fredrick affirmed that he understood everything relating to the plea that the trial judge had told him during the proceeding and did not need additional time to think about his decision. Id. at 11. When the trial judge asked Fredrick if he had any questions for him or counsel, Fredrick answered, "[n]o, sir." Id After Fredrick acknowledged that he still wished to enter the plea, see id. at 12, the trial judge stated:

> Let the record reflect that I find that Mr. Fredrick has entered his plea freely, intelligently, and voluntarily with a full and complete understanding of the nature of the offense, the maximum sentence, and the consequences of his plea. I therefore accept his plea of guilty.

Id. at 12. As agreed in the plea agreement, see Resp. Ex. B, the State entered a nolle prosequi with respect to the charge for

15

felony battery (domestic) (count two). Plea Tr. at 14. The trial court then sentenced Fredrick, as a habitual felony offender, to a term of seven years of imprisonment.

In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003).

At the plea hearing, Fredrick affirmed that counsel had answered all of his questions and had discussed all the facts and circumstances of his case, including any possible defenses that he might use if he proceeded to trial. Plea Tr. at 8-9. Moreover, Fredrick acknowledged that there were not any additional witnesses that he wanted counsel to investigate. <u>Id</u>. at 9. The United States Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable

barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir.) (en banc), cert. denied, 502 U.S. 835 (1991).

Fredrick now asserts that counsel (Zisser and Rost) should have contacted the abortion clinic or sought the opinion of an independent expert to determine whether the victim was pregnant on the date of the incident. Fredrick acknowledges that counsel deposed Dr. James L. Jones, on November 9, 2007, prior to the plea hearing. On cross-examination, the following colloquy transpired:

> [PROSECUTOR]:
>
> Q Khary Gaynor with the State Attorney's Office. Doctor, in reviewing these records, given the residents' notes of a pregnancy on both May 12th and May 20th as well as the facts ultrasound [sic] were done and show some sort of mass, perhaps a gestational sack, based on the records alone and the notations that the residents have made, do you have any indication from these records that an abortion would have been performed on this patient prior to the May 20th date that would suggest that only hormones would be present to show a pregnancy?

> A    Well, this ultrasound is not a great
> quality, but appears to show the presence of a
> gestational sack which would have been removed
> if an abortion had been performed.
>
> Q    So based on the ultrasound and the
> residents' notes, this woman would have been
> pregnant on May 12th?
>
> A    It would be a very safe bet that she
> was pregnant.  Yes.

Resp. Ex. K, Appendix A, Deposition of Dr. James Jones, at 19-20.

Thus, given that the medical records reflected the victim's intrauterine pregnancy at six weeks on May 20th, _id_. at 12-13, counsels' performance was within the wide range of professionally competent assistance.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown a "reasonable probability that, but for counsel[s'] errors, he would not have pleaded guilty and would have insisted on going to trial." _Hill_, 474 U.S. at 59.  Petitioner acknowledged that he pled guilty because he was guilty and in fact did commit the offense.  Plea Tr. at 9.  If a jury had found Fredrick guilty of aggravated battery upon a pregnant female, he would have faced a maximum of thirty years of imprisonment, as a habitual felony offender.  Additionally, the State likely would have prosecuted him for felony battery (domestic) (count two) and could have filed additional charges relating to two other incidents occurring on May 11th and 12th.  However, upon entering the guilty plea, the State

18

agreed to enter a <u>nolle</u> <u>prosequi</u> as to count two and not file additional charges. Therefore, Fredrick's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## **B. Ground Two**

As ground two, Petitioner claims the trial court improperly accepted the guilty plea without a sufficient factual basis to substantiate the essential elements of the offense. Petitioner raised this ground in his Rule 3.850 motion. In responding, the State argued that the prosecutor had provided a factual basis and had noted that Fredrick "at the time of committing the battery knew or should have known that [the victim] was pregnant." Resp. Ex. 29-30 (quoting Plea Tr. at 10). The circuit court denied the Rule 3.850 motion with respect to this issue based on the State's reasoning. Upon Fredrick's appeal, the appellate court affirmed the circuit court's denial per curiam.

Assuming the appellate court affirmed the denial of Fredrick's post conviction motion as to this claim on the merits, there are qualifying state court decisions. Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications. Following a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable

application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Additionally, even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA and assuming that Fredrick has raised a cognizable federal claim,[6] Petitioner's claim is without merit. The Amended Information, relating to count one, read:

> DERRICK DEMON FREDERICK on May 20, 2007, in the County of Duval and the State of Florida, knowingly committed a battery upon a family or household member, Tomeka Anicia Frederick, a pregnant female, **by actually and intentionally touching or striking Tomeka Anicia Frederick against her will, and at the time of committing the battery knew or should have known that Tomeka Anicia Frederick was pregnant**, contrary to the provisions of Sections 784.045(1)(b) and 741.28, Florida Statutes.

Resp. Ex. A (emphasis added). Thus, as reflected in the Amended Information, the State was required to prove that (1) Fredrick actually and intentionally touched or struck the victim against her will, and (2) at the time of committing the battery, Fredrick knew or should have known that the victim was pregnant. As previously stated, the prosecutor set forth a sufficient factual basis for the plea, without any exceptions or objections to the facts by defense

---

[6] See Response at 27-29.

counsel.  Plea Tr. at 10.  Accordingly, the trial judge found that there was a factual basis for Fredrick's plea and thereafter accepted his guilty plea.  Id. at 10, 12.

### VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam)," Petitioner's ineffective assistance claims fail.  Knowles, 129 S.Ct at 1420.  In the alternative, Petitioner's claims are without merit.  Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

### IX. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2011.

MARCIA MORALES HOWARD
United States District Judge

sc 10/11
c:
Derrick Fredrick
Ass't Attorney General (Conley)